**ON REHEARING**

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-2296**

SABRINA D. DAVIS,

        Plaintiff - Appellant,

    v.

KIA MOTORS AMERICA, INCORPORATED,

        Defendant – Appellee,

    and

KIA MOTORS OF AMERICA,

        Defendant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  R. Bryan Harwell, District Judge.  (6:08-cv-01937-RBH)

Submitted:  January 12, 2011      Decided:  January 21, 2011

Before NIEMEYER, MOTZ, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Sabrina D. Davis, Appellant Pro Se.  David Christopher Marshall, Curtis L. Ott, TURNER, PADGET, GRAHAM & LANEY, PA, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sabrina D. Davis appeals a decision of the district court dismissing her action against Kia Motors America, Inc. ("KMA") for lack of jurisdiction. We affirm.[*]

Davis's action proceeded under diversity jurisdiction, 28 U.S.C. § 1332 (2006). The district court dismissed Davis's action for lack of jurisdiction, concluding that, "to a legal certainty," Davis could not recover damages in excess of the $75,000 jurisdictional amount applicable in diversity cases under 28 U.S.C. § 1332(a).

We review de novo an order dismissing a complaint for lack of subject matter jurisdiction. JTH Tax, Inc. v. Frashier, 624 F.3d 635, 637 (4th Cir. 2010). "In most [diversity] cases, the 'sum claimed by the plaintiff controls' the amount in controversy determination." Id. (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938)). However,

---

[*] In a prior opinion we dismissed Davis's appeal for lack of jurisdiction on the ground that her notice of appeal was untimely. Davis v. Kia Motors America, Inc., 370 F. App'x 408 (4th Cir.) (No. 09-2296), cert. denied, 131 S. Ct. 196 (2010). However, because no separate entry of judgment was filed in the district court, judgment was not entered until January 15, 2010, and Davis's notice of appeal was timely. Fed. R. App. P. 4(a)(2), (7). Under these extraordinary circumstances, we have exercised our inherent authority to sua sponte grant rehearing and recall the mandate in this appeal. See Calderon v. Thompson, 523 U.S. 538, 549-50 (1998). We vacate our original opinion, and replace it with this opinion.

3

even if the plaintiff seeks damages sufficient to satisfy the statutory amount, a court can dismiss the action when, "from the proofs, the court is satisfied to a [legal] certainty that the plaintiff never was entitled to recover that amount." St. Paul Mercury, 303 U.S. at 289.

Here, the district court concluded that, "to a legal certainty," Davis could not recover the jurisdictional amount, based on the warranty under which Davis sought relief. We agree with the district court's conclusion. Accordingly, we affirm the decision of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED